Merrimack,
No. 4546.

THE MECHANICKS NATIONAL BANK OF CONCORD
*Tr. u/w of J. Charles Pelissier*

*v.*

MATTHEW F. BRADY, *Bishop of Manchester and*
ERNEST R. D'AMOURS, *Director of Charitable
Trusts, The State of New Hampshire.*

Argued January 3, 1957.

Decided March 4, 1957.

*Orr & Reno* and *Charles H. Toll, Jr.* (*Mr. Toll* orally), for the plaintiff.

*Devine & Millimet* and *James B. Malley* (*Mr. Malley* orally), for the defendant The Most Reverend Matthew F. Brady, Bishop of Manchester.

*Ernest R. D'Amours, pro se,* for the defendant Director of Charitable Trusts.

KENISON, C. J. The first question as transferred reads as follows: "1. Subject to the limitations contained in said plan for the establishment and maintenance of said common trust fund, may all of the assets of said residuary trust lawfully be invested in interests in said common trust fund by virtue of the provisions of RSA ch. 391 and notwithstanding the provisions of RSA 564:18?" This requires a determination of whether notwithstanding the more general provisions of RSA 564:18 relating to investments by trustees, the Pelissier trust may be invested in the Common Trust Fund by virtue of the Uniform Common Trust Fund Act (RSA ch. 391) which allows a bank qualified to act as fiduciary to establish a common trust fund.

Except for the provisions as to investment in the underlying Pelissier trust, quoted in the above agreed statement of facts, the issues and the factual situation are identical with those involved in *Mechanicks Nat. Bank* v. *D'Amours,* decided this day. 100 N. H. 461. In the cited case we decided that the Uniform Common Trust Fund Act (RSA ch. 391) permitted the plaintiff to invest all or any part of the assets of an underlying trust in its Common Trust Fund, notwithstanding the restrictions as to investments applicable to trustees generally appearing in RSA 564:18, where the underlying trust contained no prohibition against investment in common trust funds. We also decided in that case that the plaintiff's Trust Fund Plan was valid and contained no provisions prohibiting investment in its Common Trust Fund of the testamentary trust there involved.

The investment provision of the Pelissier trust that its invest-

ments shall be restricted to those "legal for trustees in the State of New Hampshire" does not mean that they must be legal for all types of trustees under all conditions. The quoted phrase, properly interpreted, means that the investments must be those legal for this particular trustee in the State of New Hampshire. The fact that individual trustees are not permitted to invest in common trust funds, in the absence of such authorization in the trust instrument, does not prohibit corporate fiduciaries from exercising that privilege when, as in this case, it is granted by statute. Banks having the power to act as fiduciaries in this state have been granted by the Legislature the privilege of setting up common trust funds and investing the assets of trust funds therein. For the reasons stated in *Mechanicks Nat. Bank* v. *D'Amours, supra,* all or any part of the assets of the underlying Pelissier trust may be invested in the plaintiff's Common Trust Fund which has been set up to comply with federal and state law.

The mere fact that at the time the Pelissier trust was established in 1919, common trust funds were not permissible in this state does not prohibit the investment of the assets of the underlying Pelissier trust in a common trust fund today. This is so not only because of the general case law on the subject (III Scott, Trusts (2nd *ed.* 1956) *ss.* 227.9 and 227.13 at *pp.* 1687 and 1697), but also because of the express provisions of RSA 391:8. This statute reads as follows: "APPLICABILITY. This act shall take effect April 17, 1953, and shall apply to fiduciary relationships then in existence or thereafter established." Such retrospective application to investments of existing trusts is generally considered proper. Anno. 35 A. L. R. (2d) 991; see *Citizens' Nat. Bank* v. *Morgan,* 94 N. H. 284.

The answers to the questions in *Mechanicks Nat. Bank* v. *D'Amours, supra,* are controlling in this case.

*Remanded.*

All concurred.

## MEMORANDUM

Mr. Justice Goodnow resigned from this court March 4, 1957.

Hon. Stephen M. Wheeler, Chief Justice of the Superior Court was appointed an Associate Justice of this court March 15, 1957, to fill the vacancy.